Michael KLEIN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–9708–CR–452.

Supreme Court of Indiana.

Aug. 24, 1998.

Walter E. Bravard, Jr., Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Michael Klein was convicted of murder, Ind.Code Ann. § 35–42–1–1 (West 1998), criminal gang activity, Ind.Code Ann. § 35–45–9–3 (West 1998), and possession of a sawed-off shotgun, Ind.Code Ann. § 35–47–5–4.1 (West 1998). The trial court sentenced him to life without parole for the murder,[1] three years for the criminal gang activity, and three years for the sawed-off shotgun conviction, the sentences to be served consecutively.

### Facts

On the evening of April 25, 1995, Cleo Betz and his friend Michael Howard were walking to Betz's home. Howard stopped at a convenience store to buy milk for his child while Betz went to use the payphone. Betz then

---

1. The sentencing order says Klein also received 273 years on the same count, an apparent error.

(R. at 325.)

stayed behind while Howard continued on toward the house.

Earlier that day, Michael Klein, his brother Joseph, and Bruce Paro spent the afternoon drinking whiskey. Michael Klein spoke of his hatred for a man named Cory Cornett. The three men "got real hyped up, wanting to go beat somebody up." (R. at 1333.) They called Terry Flowers to pick them up so they could find Cornett. When they could not find him, they decided to continue driving around. Michael Klein then spotted Howard and told Flowers to stop the car. The Klein brothers and Paro surrounded Howard. Betz approached the group out of concern that something might happen to his friend.

Once the situation had seemingly calmed down, Joseph Klein and Paro turned to go back to the car. Michael Klein lingered behind. He suddenly "ran at" Howard and Betz and "pulled something out and shot [Howard] and took off running down the street." (R. at 1243.) Betz described the weapon as "a 410 single-shot gun . . . sawed-off." (R. at 1246–47.)

Howard was shot once in the throat. The shot severed his voice box, trachea, carotid artery, and jugular vein, causing him to aspirate his blood. According to the coroner, Howard drowned in his own blood.

The Kleins and Paro believed that Betz was a member of a gang knows as the Warriors. Klein and his brother were members of a rival gang, the South Side Hoods. The Hoods' symbol is a five-pointed star.

The Kleins, Paro, and Flowers gathered at Flowers' house after the shooting. Michael Klein bragged that he was now a "true five" because he had committed a crime for the gang. (R. at 1339.) Paro testified that such actions elevated a member's gang status.

2. Jury instruction # 4 stated: "To convict Michael E. Klein [of murder] the State must prove each of the following elements: the Defendant, Michael E. Klein, 1) knowingly 2) killed 3) Michael Howard." (R. at 245.) The court added that a person "knowingly" engages in conduct if, "when he engages in the conduct, he is aware of a high probability that he is doing so." (R. at 259.)

## I. Trial Court Instructions

■ Klein's counsel on appeal claims that the use of instruction # 4 constituted reversible error.[2] At the trial court level, Klein's defense counsel neither objected to the given instruction nor did he tender an instruction of his own. Therefore, Klein's challenge to the trial court instruction is waived. *Ward v. State*, 519 N.E.2d 561 (Ind.1988). It is hardly surprising that trial counsel did not object. To convict Klein of murder, the State was required to prove that Klein either knowingly or intentionally killed Howard, not both. Ind.Code Ann. § 35–42–1–1 (West 1998). The court instructed the jury that the State must prove that Klein "knowingly" killed Howard.

## II. Criminal Gang Activity Statute Is Constitutional

Klein concedes that Indiana courts have previously held that the criminal gang activity statute[3] is constitutional. *Jackson v. State*, 634 N.E.2d 532 (Ind.Ct.App.1994); *Helton v. State*, 624 N.E.2d 499 (Ind.Ct.App. 1993). Klein argues, however, that these holdings were rendered invalid when the statute defining a criminal gang was amended. Ind.Code Ann. § 35–45–9–1 (West 1998). Originally, the statute, which was enacted in 1991, stated:

> As used in this chapter, "criminal gang" means a group with at least five (5) members that specifically:
>
> (1) either
>
> (A) promotes, sponsors, or assists in; or
>
> (B) participates in; and
>
> (2) requires as a condition of membership or continued membership; the commission of a felony or an act that would be a felony if committed by an adult or the offense of battery. . . .

3. The criminal gang activity statute, Ind.Code Ann § 35–45–9–3 (West 1998), states: "A person who knowingly or intentionally actively participates in a criminal gang commits criminal gang activity, a Class D felony."

Ind.Code Ann. § 35-45-9-1 (West Supp. 1991), *amended by* P.L. 140-1994, Sec. 5. In 1994, the legislature amended this statute by replacing the word "and" at the end of clause (1) with "or". · Ind.Code Ann. § 35-45-9-1 (West 1998). Klein argues that, as a result of the 1994 amendment, the statute is (1) unconstitutionally void for vagueness, (2) overbroad, and (3) allows the criminalization of a person's status.

■■■ *A. The Statute Is Not Vague.* Klein argues that the criminal gang activity statute is unconstitutionally vague under the United States Constitution and the Indiana Constitution. Klein has not presented any separate argument based in the Indiana Constitution, citing instead various federal cases in support of this contention. Accordingly, he waives his state claim. We will address his federal claim.

■■■ Under basic principles of due process, a law is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). A statute is also void for vagueness if its terms invite arbitrary or discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

Klein contends that the 1994 amendment to the statute defining the term "criminal gang" removed the requirement that the commission of a felony be a direct condition for membership in the group. As a result, Klein argues that the law fails to provide fair warning of what conduct is prohibited.

Simplified and summarized, the statute now defines a criminal gang as a group that either:

(1) promotes, sponsors, assists in, or participates in a felony, or

(2) requires the commission of a felony as a condition of membership.

According to Indiana Code section 35-45-9-3, a person who "knowingly or intentionally" participates in such groups commits criminal gang activity.

■■■ A statute is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally pro-

scribed conduct. *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *see Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). In the matter at bar, the law puts individuals on active notice of what the legislature considers to be a criminal gang and that participation in these groups is prohibited.

Klein also contends that the statute invites discriminatory enforcement. The idea is plausible, but Klein provides neither any citation to authority nor any other particularly cogent argument about it. The present case does not appear to constitute such an instance.

*B. The Statute Is Not Overly Broad.* Klein contends the statute is unconstitutionally overbroad because there is no longer any direct connection between particular proscribed conduct and membership in a group. He claims such a restriction violates his freedom of association guaranteed under article 1, § 9 and § 31 of the Indiana Constitution and the First and Fourteenth Amendments of the U.S. Constitution.

■■■ Overbreadth analysis under the U.S. Constitution is not applicable to the Indiana Constitution. *Jackson,* 634 N.E.2d at 536 (citing *Price v. State,* 622 N.E.2d 954, 958 (Ind.1993)). Unless the statute in question is incapable of constitutional application, an Indiana court should limit itself to vindicating the rights of the party before it. *Price,* 622 N.E.2d at 958. Once an Indiana constitutional challenge is properly raised, the court should first determine whether the statute is capable of constitutional application and then determine whether it was constitutional as applied in this case. *Helton,* 624 N.E.2d at 507 (citing *Price,* 622 N.E.2d at 958).

■■■ Since Indiana's gang statute is capable of constitutional application, *Helton,* 624 N.E.2d at 507, we must determine whether or not it was constitutionally applied. Klein's argument that application of the gang statute to his case violates his freedom of association was rejected in *Helton* because neither the

U.S. nor the Indiana Constitution protects associations made in furtherance of crimes or criminal conspiracies. 624 N.E.2d at 508; *see United States v. Choate*, 576 F.2d 165 (9th Cir.1978). As indicated by his boast that he was now a "true five," Klein's actions were intended to improve his status within the gang. (R. at 1339.) As such, application of the gang statute to Klein's conduct was constitutional under Indiana law.

 Turning to federal overbreadth analysis, we must determine whether the statute substantially prohibits activities protected by the First Amendment. *Jackson*, 634 N.E.2d at 536 (citing *Price*, 622 N.E.2d at 966). The court in *Helton* determined that the gang statute does not prohibit the mere association of five or more persons and it does not criminalize the mere status of gang membership. 624 N.E.2d at 508. Further, "undesirable groups, the wrong type of crowd, or annoying conduct alone is not punishable under the Gang Statute." *Id.* at 507. Therefore, the statute "only applies to criminal associations that are not protected by the First Amendment." *Jackson*, 634 N.E.2d at 536. The Indiana Gang Activity Statute is not unconstitutionally overbroad.

 *C. Statute Does Not Criminalize Status.* Klein argues that the gang activity statute unconstitutionally criminalizes a person's status. An individual may not be prosecuted for mere status, *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), but the statute does not punish for status alone. Membership in a gang, by itself, does not provide the basis for prosecution for criminal gang activity. The State must prove that the individual was aware of the gang's criminal purpose. *See Helton*, 624 N.E.2d at 508 n. 12 ("[T]he Gang Statute does not unconstitutionally criminalize the mere status of gang membership.").

### III. Sentence Was Not Manifestly Unreasonable

 Klein claims that the trial court committed reversible error by imposing the max-

imum sentence possible for each offense and in ordering those sentences to be served consecutively. He maintains that the court failed to consider all significant mitigating circumstances and to balance them properly against present aggravators. Further, Klein charges that the trial judge failed to provide adequate factual bases for the aggravating circumstances he identified.

 "Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of manifest abuse of that discretion." *Sims v. State*, 585 N.E.2d 271, 272 (Ind.1992). The trial court also has discretion to determine "whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances." *Id.* When a court engages in a balancing process between aggravating and mitigating circumstances, it is obligated to include a statement of its reasons for selecting the sentence imposed. *Hammons v. State*, 493 N.E.2d 1250 (Ind. 1986); Ind.Code Ann. § 35–38–1–3 (West 1998). A trial court is not obligated to accord the same weight to a factor which the defendant considers mitigating or to find mitigators simply because they are urged by the defendant. *Tunstill v. State*, 568 N.E.2d 539, 546 (Ind.1991).

It appears clear from the statement the trial judge made at the close of the sentencing hearing, that he gave adequate thought and consideration to the balancing of aggravating and mitigating factors. The judge discussed Klein's family history, his prior offenses, and the nature and manner in which Howard's murder was committed. (R. at 1920–32.) He proceeded to isolate the mitigators and aggravators related to each of the three sentences. (R. at 1927–28, 1932–34.)[4] Under the circumstances previously discussed and considering the quantity of the aggravating factors, the sentence imposed was reasonable and appropriate.

---

**4.** In mitigation, the judge recognized that Klein was younger than eighteen years old when he committed the crime and that he lacked strong moral guidance and never had the benefit of a role model during his youth. Aggravators that the judge considered included Klein's prior crim-

inal record, the seriousness of prior crimes, the number of prior crimes, the length of time between offenses, his intoxicated state at the time of the shooting, the unprovoked nature of the attack, and Klein's desire to improve his position in the gang by committing a murder.

*Conclusion*

For the reasons set forth above, we affirm.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.