**Jesse BAKER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0010–CR–686.**

Court of Appeals of Indiana.

May 9, 2001.

Michael E. Caudill, Indianapolis, IN, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Jesse Baker appeals his convictions for aggravated battery, a class B felony,[1] and possession of a firearm by a serious violent offender, a class B felony.[2] He raises three issues, which we consolidate and restate as:

    1. whether the prosecutor engaged in misconduct requiring reversal; and

    2. whether Ind.Code § 35–47–4–5, which defines the crime of possession of

---

**1.** Ind.Code § 35–42–2–1.5.

**2.** Ind.Code § 35–47–4–5.

a firearm by a serious violent offender, is unconstitutional.

We affirm.

The facts most favorable to the judgment reveal that on December 16, 1999, Jesse Baker went to Adonias Tipton's apartment and smoked crack cocaine with Adonias in her laundry room. When Baker exited the laundry room, he saw Laricus McGhee and Dwayne Gross sitting in the living room. Baker talked to Gross and said, "All right then, Peeps." [3] Record, p. 194. McGhee told Baker not to use the word "Peeps" after smoking crack cocaine. In addition, McGhee threatened to hit Baker in the mouth if Baker said that word again. Baker smirked and said "Peeps" again, and McGhee jumped up off of the couch and hit Baker in the mouth. In response, Baker shot McGhee five times. Tipton, who was hiding in the laundry room, heard the shots. She also heard Baker say, "What you gonna do now?" McGhee died as a result of the gunshot wounds.

Baker was charged with murder and possession of a firearm by a serious violent offender based upon a prior conviction of robbery. At trial, Baker admitted that he shot McGhee. He also acknowledged that McGhee was unarmed. Baker explained that he shot McGhee because he thought McGhee was going to "stomp [his] face and kick it off." Record, p. 323. Baker denied having the intent to kill McGhee. The jury convicted Baker of aggravated battery and possession of a firearm by a serious violent offender, both class B felonies.

## I.

The first issue is whether the prosecutor engaged in misconduct. During closing argument, the prosecutor argued that Baker was "not entitled to use self-defense" because he committed other crimes, namely possession of cocaine and visiting a common nuisance, which led to the confrontation that was the basis of the charge. Record, p. 370. Defense counsel objected and argued that the prosecutor had misstated the law. Counsel did not request an admonishment or a mistrial. Baker acknowledges that the trial court properly instructed the jury regarding self-defense. See Appellant's Brief, p. 12. The trial court also instructed the jury that comments of counsel were not evidence and that the court's final instructions constituted the law applicable to the case.

■ Baker now argues that the prosecutor engaged in misconduct by misstating the law during closing argument. In reviewing a claim of prosecutorial misconduct, we must first consider whether the prosecutor engaged in misconduct. Williams v. State, 724 N.E.2d 1070, 1080 (Ind.2000), reh'g denied, cert. denied, —— U.S. ——, 121 S.Ct. 886, 148 L.Ed.2d 793 (2001). Second, we must consider whether the alleged misconduct placed the defendant in a position of grave peril to which he should not have been subjected. Id. The gravity of the peril is determined by considering the probable persuasive effect of the misconduct on the jury. Id.

■ Baker has waived appellate review of this issue because he failed to request an admonishment or a mistrial. See Robinson v. State, 693 N.E.2d 548, 552 (Ind. 1998) (failure to request an admonishment or a mistrial following alleged prosecutorial misconduct results in waiver of the issue on appeal).

■ Waiver notwithstanding, we find no reversible error. In Woodford v. State, 488 N.E.2d 1121, 1124 (Ind.1986), Wood-

3. "Peeps" is the street name for the Vice Lords gang. Record, p. 194.

ford argued that the prosecutor misstated the law of abandonment during closing argument. We noted that the trial court instructed the jury that the comments of counsel were not evidence and that the court's final instructions, which included a proper abandonment instruction, constituted the law applicable to the case. *Id.* We therefore found no reversible error. Here, as in *Woodford,* the trial court instructed the jury that the comments of counsel were not evidence and that the court's final instructions, which included a proper self-defense instruction, constituted the law applicable to the case. We therefore find no reversible error. *See id.*

## II.

■■■ The second issue is whether Ind. Code § 35–47–4–5 is unconstitutional.[4] When a statute is challenged on constitutional grounds, it stands before us clothed with a presumption of constitutionality until clearly overcome by a contrary showing. *Eukers v. State,* 728 N.E.2d 219, 221 (Ind. Ct.App.2000). Further, whether a statute is constitutional on its face is a question of law. *Teer v. State,* 738 N.E.2d 283, 287 (Ind.Ct.App.2000), *trans. denied.* Where the issue presented on appeal is a pure question of law, we review the matter *de novo. Id.*

Baker first contends that Ind.Code § 35–47–4–5 violates the Privileges and Immunities Clause of the Indiana Constitution[5] and contravenes the policy of reformation. We addressed these arguments in *Teer,* 738 N.E.2d at 283. Therein, we determined that the serious violent felon

statute neither violates the Privileges and Immunities Clause of the Indiana Constitution nor contravenes the policy of reformation. *Id.* at 289; *see also Hatchett v. State,* 740 N.E.2d 920 (Ind.Ct.App.2000), *trans. denied.* Baker's similar constitutional arguments must therefore fail.

■■■ Baker further argues that the statute unconstitutionally criminalizes his status as a serious violent felon. We disagree.

■■■ Baker is correct that an individual may not be prosecuted for mere status. *Klein v. State,* 698 N.E.2d 296, 300 (Ind. 1998). In the *Klein* case, Klein argued that the gang activity statute unconstitutionally penalized his status as a gang member. *Id.* at 300. Our supreme court noted that membership in a gang, by itself, did not provide the basis for prosecution for criminal gang activity. *Id.* Rather, the State also had to prove that the defendant was aware of the gang's actual purpose. *Id.*

Here, as in *Klein,* Baker's status as a serious violent offender, by itself, did not provide the basis for his prosecution. Rather, the State had to prove that Baker possessed a firearm. Baker's argument must therefore fail. *See United States v. Jester,* 139 F.3d 1168 (7th Cir.1998) (rejecting an identical challenge to 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm).

■■■ Baker also argues that the statute violates his constitutional right to bear

---

**4.** Ind.Code § 35–47–4–5(c) provides that a serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon. A serious violent felon includes a person who has been convicted in Indiana of robbery. *See* I.C. §§ 35–47–4–5(a)(1) and (b)(12).

**5.** The Indiana Constitution provides that the "General Assembly shall not grant to any citizen or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. Art I, § 23.

arms.[6] We disagree.

■ Article I, § 32 of the Indiana Constitution provides that the "people shall have the right to bear arms, for defense of themselves and the State." However, this right is not absolute. *Dozier v. State,* 709 N.E.2d 27, 31 (Ind.Ct.App.1999). Our supreme court has determined that the "Legislature has the power, in the interest of public safety and welfare, to provide reasonable regulations for the use of firearms." *Id.* (citing *Matthews v. State,* 237 Ind. 677, 148 N.E.2d 334, 338 (1958) (rejecting an Article I, § 32 challenge to handgun legislation)).

In the *Dozier* case, Dozier was convicted of carrying a handgun on school property without a license, a Class C felony, and dangerous possession of a firearm, a Class A misdemeanor. *Id.* at 28. On appeal, he argued that the statutes pursuant to which he was convicted violated his Indiana Constitutional right to possess a firearm. *Id.* at 31. We noted that the statutes at issue in the case required a person to have a license to carry a handgun, increased the class of the offense for carrying an unlicensed handgun on school property, and prohibited the possession of a handgun by a person under eighteen years of age. *Id.* We found that because these statutes were in the interest of public safety and provided reasonable regulation for the use of handguns, Dozier's constitutional claim had to fail. *Id.*

Here, Ind.Code § 35–47–4–5 prohibits the possession of a handgun by a serious violent offender. Like the statutes in *Dozier,* the serious violent offender statute is in the interest of public safety and provides reasonable regulation for the use of handguns. Baker's claim must therefore fail. *See Dozier,* 709 N.E.2d at 31.

■ Lastly, Baker argues that the statute violates the Equal Protection Clause of the United States Constitution.[7] Specifically, he contends that the statute lacks a "rational basis for identifying the individual crimes listed . . . as violent felonies." Appellant's Brief, p. 19.

■■ In assessing a claim under the Equal Protection Clause, our first inquiry involves the applicable level of scrutiny. *Platt v. State,* 664 N.E.2d 357, 364 (Ind.Ct. App.1996), *trans. denied, cert. denied,* 520 U.S. 1187, 117 S.Ct. 1470, 137 L.Ed.2d 683 (1997). Laws that involve a suspect classification and those that burden the exercise of fundamental rights receive the strictest scrutiny. *Id.* Classifications not involving a suspect class or a fundamental right are reviewed under a rational basis standard. *State v. Alcorn,* 638 N.E.2d 1242, 1244 (Ind.1994), *reh'g denied.* A statute can survive rational basis scrutiny if the classification in the statute bears some rational relationship to a legitimate governmental goal. *Id.* at 1245.

The Seventh Circuit Court of Appeals addressed an issue similar to Baker's in *Jester,* 139 F.3d 1168. Therein, Jester argued that the selective exemption of some felonies from 18 U.S.C. § 922(g)(1),

---

6. Baker claims that the statute violates both the Second Amendment to the United States Constitution and Article I, § 32 of the Indiana Constitution. However, the Second Amendment has never been incorporated to the states through the Fourteenth Amendment. *See Kellogg v. City of Gary,* 562 N.E.2d 685, 692 (Ind.1990). We therefore address only the state constitutional argument.

7. The Equal Protection Clause of the United States Constitution provides as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws."

the federal counterpart to I.C. 35–47–4–5, violated his equal protection rights. *Id.* at 1171. The court found that because felons are not a protected class, and the right to possess a firearm is not a fundamental one, the challenged classification was subject to rational basis review. *Id.* at 1171.

The court pointed out that Jester could only satisfy this standard by showing that no " 'state of facts reasonably may be conceived to justify' " the disputed classification. *Id.* (quoting *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970)). The court also noted that under rational basis review, appellate courts will not invalidate a challenged distinction " 'simply because the classification is not made with mathematical nicety or because in practice it results in some inequality.... The problems of government are practical ones and may justify, if they do not require, rough accommodations....' " *Id.* Lastly, the court pointed out that the rational basis standard is extremely respectful of legislative determinations and essentially means that an appellate court will not invalidate a statute unless the statute draws distinctions that simply make no sense. *Jester,* 139 F.3d at 1171.

The court in *Jester* applied these principles to the challenged statute and found that the distinction challenged by Jester did not approach this requisite level of irrationality. *Id.* Specifically, the court explained that Congress enacted the statute in order to keep firearms out of the hands of those persons whose prior conduct indicated a heightened proclivity for using firearms to threaten community peace. *Id.* The court further noted that the statute also reduces unnecessary restrictions on the conduct of some felons who do not exhibit these dangerous tendencies. *Id.* The court concluded that it was perfectly reasonable for Congress to assume that violent felons would pose a higher risk of endangering the public with a firearm than the statute's class of exempted non-violent offenders. *Id.*

Here, as in *Jester,* Baker's challenge to Ind.Code § 35–47–4–5 is subject to a rational basis review, and we will not invalidate it unless it draws distinctions that simply make no sense. *See id.* As in *Jester,* we find that the legislature enacted this statute to keep firearms out of the hands of those persons whose prior conduct indicated a heightened proclivity for using firearms to threaten community peace. We also find that it was reasonable for the legislature to assume that violent felons would pose a higher risk of endangering the public with a firearm than the class of exempted non-violent offenders. We therefore find no violation of the equal protection clause. *See Jester,* 139 F.3d at 1171.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

KIRSCH and MATTINGLY–MAY, JJ., concur.