BRADFORD, Judge,
concurring.
I concur with the majority in all respects. However, I write simply to reiterate that while I have the utmost respect for the constitutionally protected right to bear arms, in the instant matter, I believe that the State met its burden of proving that Redington was “dangerous” as defined by Indiana Code section 35-47-14-1.
During the hearing, the State presented evidence establishing that Redington suffered from a schizotypal personality disorder, exhibited delusional thought patterns that continued despite the anti-psychotic medication that he was prescribed to take, and engaged in arguably unstable behav *846 ior. For example, while armed, Redington would, on numerous occasions, travel to Bloomington from Indianapolis and park in a third story parking lot where he would use a range finder to scope out the distance from the parking lot to different locations around Kilroy’s Bar-N’Grill. He did so in the hopes of seeing Lauren Spierer or communicating with spirits whom he believed could provide him with information to help him find Spierer or avenge her disappearance.
Additionally, mental health professionals opined that Redington may suffer from a delusional disorder or a paranoia disorder in addition to schizotypal personality disorder. Redington exhibited an unhealthy obsession with the Spierer disappearance and told police officers and medical professionals, among others, that he “feels the ‘negative energy’ of death all around him, believes bizarre ‘dreams’ or premonitions that he has (often involving dead people) come true or really happened.” Appellee’s Br. p. 13. In addition, Redington claimed to have suffered visual hallucinations, and Dr. Mayer indicated that there was concern that Redington could harm someone during one of his visual hallucinations.
The trial court also had the opportunity to observe Redington during trial and to listen to his testimony. Redington testified that he was taking his prescribed medications as ordered. The trial court, however, was not obligated to believe this self-serving testimony.
Furthermore, while I don’t believe that one should be considered dangerous merely because they own a large number of firearms, I do not believe the trial court made its determination on this fact alone. The trial court appeared to have considered the large number of firearms owned by Redington, but this factor does not appear to have been an overwhelming factor in the trial court’s decision. The trial court also seems to have given great weight to the ample other evidence relating to Redington’s unstable mental state and behavior, his seemingly unhealthy obsession with the Spierer disappearance, the trial court’s observations of Redington, and the lack of seemingly credible evidence that Redington was complying with the treatment plan established by the mental health professionals treating him.
In addition, as the majority opinion correctly points out, prior attempts to regulate and limit Article I, Section 32 and the Second Amendment have been found to be constitutional. See Ind.Code § 35-47-4-5; McDonald v. City of Chicago, Ill., — U.S. -, 130 S.Ct. 3020, 3047,177 L.Ed.2d 894 (2010) (providing that a variety of state and local laws concerning the regulations of firearms have been upheld); District of Columbia v. Heller, 554 U.S. 570, 626, 128 S.Ct. 2783, 2816-17, 171 L.Ed.2d 637 (2008) (providing that the right secured by the Second Amendment is not unlimited and recognizing that there are wide-ranging and longstanding prohibitions on the possession of firearms by felons and the mentally ill); Baker v. State, 747 N.E.2d 633, 637 (Ind.Ct.App.2001). Our legislature has chosen to regulate the right to bear arms as a matter of public safety. I believe it is within the province of the legislature’s duties to do so.
Thus, in light of the fact that Redington was found to be “dangerous” coupled with the relevant controlling State and Federal authority which demonstrates that certain attempts to regulate Article I, Section 32 and the Second Amendment have been found to be constitutional, I agree that Indiana Code section 35-47-14-1 et seq. is not unconstitutional as applied to Reding-ton and join the majority’s conclusion that the judgment of the trial court should be affirmed.