**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Aug 13 2013, 8:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMIAH KELLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1303-CR-281 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1204-FB-68

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Jeremiah Kelley appeals his twenty-year sentence imposed following his guilty plea to class B felony unlawful possession of a firearm by a serious violent felon, arguing that it is inappropriate. We conclude that Kelley fails to carry his burden to show that his sentence is inappropriate in light of the nature of the offense and his character. Therefore, we affirm.

On April 9, 2012, in Kokomo, Kelley possessed a firearm and had been convicted of class B felony possession of a dangerous device by a prisoner within the last fifteen years. On April 12, 2012, the State charged Kelley with class B felony unlawful possession of a firearm by a serious violent felon, class C felony unlawful sale of a firearm, and class D felony possession of stolen property. Kelley and the State entered into a plea agreement in which Kelley pled guilty to class B felony unlawful possession of a firearm by a serious violent felon, the State agreed to dismiss the remaining charges, and sentencing was left to the trial court's discretion.

At the sentencing hearing, the trial court found that Kelley's guilty plea was a mitigating circumstance but was deserving of little weight because he received a substantial benefit from his plea agreement. The trial court found that Kelley's criminal history was a significant aggravating circumstance based on Kelley's seven felony convictions, two misdemeanor convictions, multiple arrests, and numerous probation violations. The trial court sentenced Kelley to twenty years, all executed.

Kelley appeals his sentence arguing that it is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is

2

inappropriate in light of the nature of the offense and the character of the offender." "[W]hen reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Kelley has the burden to show that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

Turning first to the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). Kelley was convicted of class B felony unlawful possession of a firearm by a serious violent felon. The legislature made this offense a class B felony to keep "firearms out of the hands of those persons whose prior conduct indicated a heightened proclivity for using firearms to threaten community peace." *Baker v. State*, 747 N.E.2d 633, 638 (Ind. Ct. App. 2001). For a class B felony, the advisory sentence is ten years, and the sentencing range is six to twenty years. Ind. Code § 35-50-2-5. Kelley received the maximum sentence. The factual basis for Kelley's conviction is that he unlawfully possessed a firearm and is a serious violent felon based on his previous conviction for class B felony possession of a dangerous device by a prisoner. There is nothing about the nature of his crime that supports a sentence above or below the advisory.

3

However, we review a sentence based upon both the nature of the offense and the character of the offender. Kelley's character, as demonstrated by his extensive criminal history, is degenerate and depraved. As a juvenile, he was taken into custody four times for class B misdemeanor battery. At 16, he was adjudicated of burglary and was placed in the Indiana Boys School after violating probation. Also at 16, he was charged with auto theft, criminal recklessness, resisting law enforcement, and possession of marijuana and controlled substances, and was waived to adult court. Although those charges were dismissed, he was convicted in adult court for class D felony sexual battery later that same year. He also has convictions for class D felony receiving stolen auto parts, class D felony resisting law enforcement, class C felony receiving stolen auto parts, being a habitual offender, failure to return to lawful detention, and possessing a dangerous device by a prisoner. He also has two misdemeanor convictions. He has been placed on probation five times and violated the terms of his suspended sentence five times. He has demonstrated a continuous pattern of criminal activity throughout his life. His character alone supports the imposition of a maximum sentence.

Kelley, however, argues that he has schizophrenia, for which he has not been treated outside of incarceration, a history of substance abuse, is unemployed, and steals to get money for drugs. By his own admission, Kelly has not sought treatment for his alleged mental illness. In addition, there is also no indication from the record that he has ever sought help for his substance abuse. Given that he repeatedly engages in criminal activity and has not

4

sought help for his issues, Kelley has failed to persuade us that his twenty-year sentence is inappropriate. As such, we affirm his sentence.

Affirmed.

BARNES, J., and PYLE, J., concur.