**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 20 2013, 6:00 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HERVEY CLANTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1304-CR-194 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1206-FA-34

**December 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Hervey Clanton was convicted after a jury trial of two counts of Class A felony dealing cocaine within one thousand feet of a family housing complex,[1] one count of Class B felony possession of a firearm by a serious violent felon,[2] and three counts of Class C felony neglect of a dependent.[3] He argues on appeal there was insufficient evidence to support the dealing in cocaine and neglect of a dependent convictions, the trial court should have dismissed the possession of a firearm by a serious violent felon charge, and his sentence is inappropriate.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Elkhart police arranged for a confidential informant to buy cocaine from Clanton. Police gave the informant money, wired him with a recording device, and placed a transmitter in his car. The informant met Clanton at a gas station and bought cocaine from him while police watched. Police then arranged a second controlled purchase at the same location, and Clanton again sold the informant cocaine. A week later, police sent the informant to Clanton's apartment, which was across the street from the gas station.[4] Clanton answered his door, and the informant asked if Clanton had any "work," which is "street terminology" for drugs. (Tr. at 175.) Clanton said he would not have any "work" until the

---

[1] Ind. Code § 35-48-4-2.

[2] Ind. Code § 35-47-4-5.

[3] Ind. Code § 35-46-1-4.

[4] The parties stipulated Clanton's apartment was in a family housing complex and Clanton sold cocaine to the informant.

following day.

The next day police executed a search warrant at Clanton's apartment. Police detained Clanton outside the apartment. Chelsea Nussbaum, who rented the apartment, was outside the apartment with a child, and two more children were inside the apartment. One of the children was Clanton's. Inside the apartment police found smoking devices with marijuana residue, a gas mask with a bong attached, scales of the type used to weigh drugs, small baggies of a type used to package drugs, $300 in cash, and a loaded gun.

Clanton moved to dismiss the handgun possession charge, and after his motion was denied he admitted he committed that offense "subject to him being convicted of the underlying offenses being the subject of this trial." (App. at 74.) The jury then found him guilty of the remaining charges.

Clanton was sentenced to forty-five years on each count of dealing in cocaine, to be served concurrently. He was sentenced to six years on each of the neglect of a dependent counts and to fifteen years for the firearms possession count, which sentences were to be served concurrently with each other but consecutive to the cocaine sentences, for an aggregate sentence of sixty years.

## DISCUSSION AND DECISION

1.   Sufficiency of Evidence

Clanton claims the State did not prove his guilt of the dealing charges because there was insufficient evidence he was the dealer, and did not prove Class C felony neglect of a dependent because there was insufficient evidence he delivered, financed, or manufactured

3

cocaine at the apartment.  When we review a claim that a conviction is not supported by sufficient evidence, we generally may not reweigh the evidence or question the credibility of witnesses.  *Oldham v. State*, 779 N.E.2d 1162, 1168 (Ind. Ct. App. 2002), *trans. denied*.  That is the function of the fact finder.  *Id.*  We must affirm a conviction if the finder of fact heard evidence of probative value from which it could have inferred the defendant's guilt beyond a reasonable doubt.  *Graham v. State,* 713 N.E.2d 309, 311 (Ind. Ct. App. 1999), *trans. denied.*  When making this determination, we consider only the evidence, and all reasonable inferences to be drawn from that evidence, favorable to the verdict.  *Id.*

There was ample evidence to identify Clanton as the person who sold cocaine to the confidential informant.  The uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal.  *Toney v. State,* 715 N.E.2d 367, 369 (Ind. 1999).  In *Toney*, an informant identified Toney at the scene of a drug sale and again at trial.  That uncorroborated testimony alone was sufficient to sustain Toney's conviction.  *Id.*  In addition, Toney had the twenty dollars of "buy money" in his possession when he was arrested, and there was no suggestion of how he otherwise acquired it.  That evidence was sufficient to support the jury's finding of guilt.  *Id.*

There was even more evidence to identify Clanton.  The informant testified he knew Clanton for four years before the first controlled purchase, and he identified Clanton in a photo array.  A police officer who was watching the transaction testified he saw Clanton and he identified Clanton at trial.  Another officer who observed the purchase testified he was close enough to see Clanton's face.  The identification evidence was sufficient.

4

Clanton next argues there was insufficient evidence he committed Class C felony neglect of a dependent because the State did not prove the situation that endangered the dependents happened in a location where someone was delivering, financing, or manufacturing cocaine.

Neglect of a dependent is normally a Class D felony, but it is a Class C felony if it is committed in a location where a person is delivering, financing, or manufacturing cocaine, a narcotic drug, or methamphetamine. Ind. Code § 35-46-1-4(b)(1)(B)(i). Clanton was charged with a Class C felony.[5]

There was sufficient evidence to support the Class C felony conviction. The State relies on that part of the definition of "manufacturing" that includes "any packaging or repackaging of the [controlled] substance." Ind. Code § 35-48-1-18(1). When Clanton's apartment was searched police found small baggies, which an officer testified were the type used to package cocaine for sale. Police found two scales of the type used to weigh drugs. One had white residue on it, as did a plate located nearby. An officer testified the residue was tested, but after Clanton objected and his objection was sustained, there was no testimony the residue was cocaine. An officer testified that before the second controlled purchase, Clanton had been in the apartment, and he walked across the street from there to the gas station where he sold the cocaine. That was sufficient evidence to permit the jury to infer Clanton was packaging cocaine in the apartment.

---

[5] He acknowledges the evidence might support a Class D felony charge.

2.    Motion to Dismiss

We review for an abuse of discretion the denial of a motion to dismiss a criminal charge. *Haywood v. State*, 875 N.E.2d 770, 772 (Ind. Ct. App. 2007). We will reverse a trial court's decision for an abuse of discretion where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. We may affirm the ruling if it is sustainable on any basis in the record. *Estrada v. State*, 969 N.E.2d 1032, 1038 (Ind. Ct. App. 2012), *trans. denied*.

Denial of Clanton's motion to dismiss the handgun charge was not error. A motion to dismiss an indictment or information must be in writing, Ind. Code § 35-34-1-8, and Clanton's was not. Clanton notes an individual may not be prosecuted for mere status, *Klein v. State*, 698 N.E.2d 296, 300 (Ind. 1998), and argues "the only aspect of Mr. Clanton's possession of a handgun that made it a crime was his status as a serious violent offender." (Appellant's Br. at 25.)

Clanton was not prosecuted for his status. We held in *Baker v. State*, 747 N.E.2d 633, 636 (Ind. Ct. App. 2001), *trans. denied,* that the statute prohibiting possession of a firearm by a serious violent felon does not unconstitutionally criminalize one's status as a serious violent felon:

> Baker is correct that an individual may not be prosecuted for mere status. *Klein v. State,* 698 N.E.2d 296, 300 (Ind. 1998). In the *Klein* case, Klein argued that the gang activity statute unconstitutionally penalized his status as a gang member. *Id.* at 300. Our supreme court noted that membership in a gang, by itself, did not provide the basis for prosecution for criminal gang activity. *Id.* Rather, the State also had to prove that the defendant was aware of the gang's actual purpose. *Id.*

Here, as in *Klein,* Baker's status as a serious violent offender, by itself, did not provide the basis for his prosecution. Rather, the State had to prove that Baker possessed a firearm. Baker's argument must therefore fail. *See United States v. Jester,* 139 F.3d 1168 (7th Cir. 1998) (rejecting an identical challenge to 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm).

We also rejected Baker's argument the statute violated his constitutional right to bear arms. *Id*. at 636-37. We decline Clanton's invitation to revisit *Baker*.

Clanton distinguishes *Dozier v. State*, 709 N.E.2d 27, 31 (Ind. Ct. App. 1999), a decision on which *Baker* was based, noting Dozier did not have a license for his gun and Dozier was not at his home when arrested. A person may carry a handgun without being licensed if he carries the handgun on property he rents or otherwise legally controls, Ind. Code § 35-47-2-1, and Clanton, unlike Dozier, was at his apartment and there was no evidence his gun was unlicensed. But those distinctions were not relevant to the outcome in *Baker*: "Baker's status as a serious violent offender, by itself, did not provide the basis for his prosecution. Rather, the State had to prove that Baker possessed a firearm." 747 N.E.2d at 636. Clanton has not demonstrated the denial of his motion to dismiss was an abuse of discretion.

3.      Appropriateness of Sentence

Ind. Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender. The "nature of offense" compares the defendant's actions with the required showing to sustain a

7

conviction under the charged offense, *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*, while the "character of the offender" permits for a broader consideration of the defendant's character. *Id.* An appellant bears the burden of showing both prongs of the inquiry favor revision of his sentence. *Id.* Whether a sentence will be found inappropriate turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Sanjari v. State*, 981 N.E.2d 578, 584 (Ind. Ct. App. 2013), *trans. denied*. We recognize the unique perspective a trial court brings to its sentencing decisions. *Id.*

The advisory sentence for Class A felony dealing in cocaine is thirty years, Ind. Code § 35-50-2-4, and Clanton was sentenced to forty-five years on each count of Class A felony dealing in cocaine, to be served concurrently. The advisory sentence for Class C felony neglect of a dependent is four years, Ind. Code § 35-50-2-6, and he was sentenced to six years on each of the neglect of a dependent counts. The advisory sentence for the Class B felony firearm possession charge is ten years, Ind. Code § 35-50-2-5, and Clanton was sentenced to fifteen years for the firearms possession count. The neglect and firearms sentences were to be served concurrently with each other but consecutive to the cocaine sentences, for an aggregate sentence of sixty years.

While we agree with Clanton that his offenses are for the most part unremarkable and involve nothing that warrants a sentence above the advisory, we cannot find Clanton's sentences inappropriate in light of his character. An extensive criminal history reflects poorly on an offender's character. *Schmidt v. State*, 952 N.E.2d 249, 253 (Ind. Ct. App.

2011), *trans. denied.* The significance of a criminal history when assessing the appropriateness of a sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Clanton's criminal history dates back to 2004 and includes felony convictions of armed robbery and escape. Clanton also has nine misdemeanor convictions, which include weapons and drug offenses. He committed these offenses while on "good behavior" probation. (App. at 113.) The trial court noted a variety of sanctions have been attempted to rehabilitate Clanton, without success. Clanton's sentence was not inappropriate.

## CONCLUSION

There was sufficient evidence to convict Clanton, his motion to dismiss was properly denied, and his sentence is not inappropriate. We therefore affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

9