# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN (JACK) F. CRAWFORD**
Crawford & Devane
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

May 06 2013, 9:19 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LOVE JEET KAUR,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Appellant/Defendant,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　　　)　　No. 29A05-1208-CR-424
　　　　　　　　　　　　　　　　)
STATE OF INDIANA,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Appellee/Plaintiff.　　　　　)

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Wayne A. Sturtevant, Judge
Cause No. 29D05-1205-FD-4285

**May 6, 2013**

**OPINION – FOR PUBLICATION**

**BRADFORD, Judge**

**INTRODUCTION**[1]

To combat what it perceives to be the growing problem of synthetic drugs such as "Spice," "Bath Salt," and "Black Mamba," the General Assembly has enacted a statutory scheme that defines such drugs and criminalizes dealing or possessing them (referred to collectively as "the Synthetic Drug Law"). One feature of the Synthetic Drug Law is that the Indiana Board of Pharmacy ("the Board") is given the power to declare new compounds illegal synthetic drugs by emergency rule. Appellant/Defendant Love Jeet Kaur has been charged with dealing and possession of a synthetic drug, AM-2201. In this interlocutory appeal, Kaur contends that the trial court erred in denying her motion to dismiss the charges against her because (1) the charging information was not specific enough to put her on notice of the crime with which she was being charged, (2) the Synthetic Drug Law is unconstitutionally vague, and (3) the Synthetic Drug Law represents an unconstitutional delegation of legislative authority. The State counters that the charging information along with the probable cause affidavit are sufficient to put Kaur on notice regarding the criminal charges against her. Responding to the vagueness argument, the State counters that the Synthetic Drug Law is not vague as applied to Kaur and is not inherently vague in any event. As for the delegation argument, the State argues that Kaur's charges, because they are not based on a synthetic drug designated by the Board, are not the result of any delegation and also that the delegation itself was proper. Because we conclude that the charging information and probable cause affidavit were

---

[1] We heard oral argument in this case on April 16, 2013, at Shortridge High School in Indianapolis. We would like to commend counsel for the high quality of their oral presentations and to thank the administration, faculty, staff, and students of Shortridge for their hospitality.

sufficient to place Kaur on notice, the Synthetic Drug Law is not vague as applied to Kaur, and the Synthetic Drug Law does not represent an unconstitutional delegation of legislative power as applied to Kaur, we affirm the trial court's denial of Kaur's motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

On March 20, 2012, the Hamilton/Boone County Drug Task Force was allegedly informed that synthetic cannabinoids were being sold from a Valero gas station in Noblesville. Authorities allegedly determined that the owners of the Valero were Love Jeet Kaur and Kamal Jit Singh. Between March 21 and 26, 2012, undercover detectives allegedly made three purchases from either Kaur or Singh of substances that were determined to contain AM-2201, a controlled substance.

On May 11, 2012, the State charged Kaur with Class D felony dealing in a synthetic cannabinoid,[2] Class D felony possession of a synthetic cannabinoid,[3] and Class D felony maintaining a common nuisance.[4] On June 21, 2012, Kaur filed a motion to dismiss all charges on the basis that the Synthetic Drug Law is unconstitutionally vague and represents an impermissible delegation of legislative authority. On July 12, 2012, the trial court denied Kaur's motion to dismiss. On August 3, 2012, the trial court certified its denial of Kaur's motion to dismiss for interlocutory appeal.

## DISCUSSION

---

[2] Ind. Code § 35-48-4-10.

[3] Ind. Code § 35-48-4-11.

[4] Ind. Code § 35-48-4-13.

### Statutory Background

In 2011, the General Assembly outlawed the possession and dealing of synthetic cannabinoids, substances which are generally referred to as "K2" or "Spice." Ind. P.L. 138-2011. During the 2012 session, the General Assembly revised the relevant statutes, expanding the concept of "synthetic cannabinoid" to "synthetic drug" and adding several substances to the list of banned substances, including AM-2201.[5] Ind. Code § 35-31.5-2-321(1)(QQ) (effective Mar. 15, 2012).

The General Assembly also passed a new statutory procedure whereby the Board could declare new substances to be synthetic drugs:

> (a) The board may adopt an emergency rule to declare that a substance is a synthetic drug.
> (b) The board may adopt an emergency rule declaring a substance to be a synthetic drug if the board finds that the substance:
>> (1) has been scheduled or emergency scheduled by the United States Drug Enforcement Administration; or
>> (2) has been scheduled, emergency scheduled, or criminalized by another state.
> (c) A rule adopted under this section becomes effective thirty (30) days after it is filed with the publisher under IC 4-22-2-37.1.
> (d) A rule adopted under this section expires on June 30 of the year following the year in which it is filed with the publisher under IC 4-22-2-37.1.
> (e) The board may readopt under this section an emergency rule that has expired.

Ind. Code § 25-26-13-4.1 (effective Mar. 15, 2012).

---

[5] Indiana Code section 35-31.5-2-321 currently includes sixty-three specific compounds (designated (A) through (MMM), skipping (KKK) and, for some reason, (KK)), seven additional classes of compounds, and any compound determined to be a synthetic drug pursuant to Indiana Code section 25-26-13-4.1.

Indiana Code section 35-31.5-2-321(9) (effective Mar. 15, 2012) added to the definition of "synthetic drug" "[a]ny compound determined to be a synthetic drug by rule adopted under IC 25-26-13-4.1." Finally, Indiana Code sections 35-48-4-10 and 35-48-4-11 were revised to criminalize dealing in and possession of "synthetic drugs," as opposed to "synthetic cannabinoids." (Effective Mar. 15, 2012).

## I. Whether the State Put Kaur on Sufficient Notice of the Charges Against Her

At oral argument, Kaur argued that the charging information did not sufficiently put her on notice regarding the charges against her because it only mentioned "synthetic cannabinoid" and not AM-2201. "The key issue is whether [the defendant] was sufficiently apprised of the charges against her so that she could prepare her defense." *Patterson v. State*, 495 N.E.2d 714, 719 (Ind. 1986). As the State pointed out, however, it is proper to look also at the probable cause affidavit, if any, filed with the charging information. *See, e.g.*, *id.* (concluding that while the charging information should have included alleged cause of death, defendant suffered no prejudice when "[t]he probable cause affidavit supporting the information stated the cause of death as a beating"); *Woods v. State*, 980 N.E.2d 439, 443 (Ind. Ct. App. 2012) ("Since the charging information and probable-cause affidavit are filed together, they should be viewed in tandem to determine if they satisfy the goal of putting the defendant on notice of the crimes with which she is charged during the applicable statute of limitations period so that she can prepare an appropriate defense.").

According to the May 11, 2012, charging information, Kaur has been charged with possession and delivery of a "synthetic cannabinoid" on or about March 22, 2012. The

probable cause affidavit filed with the charging information, however, specifically averred that the substances purchased between March 21 and 26, 2016, from either Kaur or Singh tested positive for AM-2201. We find the information contained in the probable cause affidavit to be sufficient to put Kaur on notice of the charges against her.

## II. Whether the Synthetic Drug Law Is Unconstitutionally Vague

Kaur contends that the Synthetic Drug Law is unconstitutionally vague. Kaur specifically argues that with the definition of "synthetic drug" left to the allegedly arbitrary decision of the Board, no ordinary citizen will be able to understand what conduct is prohibited.

> A challenge to the validity of a statute must overcome a presumption that the statute is constitutional. *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind. 2000). The party challenging the statute has the burden of proving otherwise. *Brady v. State*, 575 N.E.2d 981, 984 (Ind. 1991).
> Due process principles advise that a penal statute is void for vagueness if it does not clearly define its prohibitions. *Klein v. State*, 698 N.E.2d 296, 299 (Ind. 1998) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. *City of Chicago v. Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67, 79-80 (1999); *Healthscript, Inc. v. State*, 770 N.E.2d 810, 815-16 (Ind. 2002). A related consideration is the requirement that a penal statute give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Healthscript, Inc.*, 770 N.E.2d at 816 (quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954)). In *State v. Downey*, 476 N.E.2d 121, 123 (Ind. 1985), this Court emphasized that "there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur. It cannot be left to juries, judges, and prosecutors to draw such lines." Accordingly, the statutory language must

6

"convey sufficiently definite warning as to the proscribed conduct when measured by common understanding." *Rhinehardt v. State*, 477 N.E.2d 89, 93 (Ind. 1985).

But a statute "is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally proscribed conduct." *Klein*, 698 N.E.2d at 299; *accord Lombardo*, 738 N.E.2d at 656. And the statute does not have to list specifically all items of prohibited conduct; rather, it must inform the individual of the conduct generally proscribed. *Lombardo*, 738 N.E.2d at 656. The examination of a vagueness challenge is performed in light of the facts and circumstances of each individual case. *Id*.

*Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007).

The State argues that Kaur's vagueness challenge must fail because the synthetic drug she is alleged to have possessed and dealt, AM-2201, was specifically named in the relevant statutes, while Kaur's argument relates only to those synthetic drugs that the Board has designated or may designate. We agree with the State. "[A] statute is void for vagueness only if it is vague as applied to the precise circumstances of the present case." *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind. Ct. App. 2008) "The defendant is not at liberty to devise hypothetical situations which might demonstrate vagueness." *Id*. Kaur's vagueness challenge to Indiana's synthetic drug laws fails because her argument applies only to synthetic drugs that have been or might be designated by the Board.[6]

### III. Whether the Synthetic Drug Law Represents an Unconstitutional Delegation of Legislative Authority

Article III, Section 1 of the Indiana Constitution, which is sometimes called the Distribution of Powers Clause, reads as follows: "The powers of the Government are divided into three separate departments; the Legislative, the Executive including the

---

[6] As of April 18, 2013, the Board has issued three emergency rules pursuant to section 25-26-13-4.1, Legislative Services Agency Documents #12-493(E), #12-590(E), and #13-27(E).

Administrative, and the Judicial: and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Kaur contends that the General Assembly's delegation to the Board of the power to designate new synthetic drugs violates the Distribution of Powers Clause.

We need not reach the merits of Kaur's argument on this point. The State argues that because AM-2201 was specifically made illegal by the General Assembly, not through the rulemaking power of the Board, the Distribution of Powers Clause is not implicated in this case. We agree.

> Unless the statute in issue is incapable of constitutional application, the court should limit itself to vindicating the rights of the party before it. Thus, once an Indiana constitutional challenge is properly raised, the court should first determine whether the statute is capable of constitutional application and then determine whether its application in the case was constitutional, refraining from speculating about hypothetical applications.

*Helton v. State*, 624 N.E.2d 499, 507 (Ind. Ct. App. 1993) (citations and footnote omitted), *trans. denied*. There is no question that the synthetic drugs specifically designated by the General Assembly do not run afoul of the Distribution of Powers Clause, and Kaur does not argue that they do. Because Kaur is charged with possessing and delivering one of the legislatively-designated synthetic drugs, her rights under the Distribution of Powers Clause are not implicated. The synthetic drug law is clearly

8

capable of constitutional application and its application in this case is an example. We

need not address Kaur's argument in this regard any further.[7]

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[7] We leave for another day—and express no opinion on—the question of whether a person charged with possession of one of the Board-specified synthetic drugs would have a meritorious Article III, Section 1 argument.