

ATTORNEYS FOR APPELLANT

Mark W. Rutherford
Stephen R. Donham
Thrasher & Voelkel, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Tiplick,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 27, 2015

Court of Appeals Cause No.
49A04-1312-CR-617

Appeal from the Marion Superior
Court; The Honorable Steven
Eichholtz, Judge;
49G20-1210-FC-70439

**May, Judge**

[1] Christopher Tiplick appeals the denial of his motion to dismiss eleven counts of his eighteen count indictment. He presents multiple issues for our review, one of which we find dispositive: whether, at the time of Tiplick's alleged offenses, Ind. Code § 35-48-4-10(a), which prohibited dealing in a synthetic drug, and Ind. Code § 35-48-4-11, which prohibited possession of a synthetic drug, were unconstitutionally vague when the synthetic drug alleged to have been dealt in or possessed was not listed in the relevant definitional statutes and can be found only in the Pharmacy Board Regulations?

[2] We reverse and remand.

## Facts and Procedural History

[3] On October 18, 2012, the State charged Tiplick with: Count I, Class C felony conspiracy to commit dealing in a lookalike substance;[1] Count II, Class C felony dealing in a lookalike substance;[2] Count III, Class C felony conspiracy to commit dealing in a lookalike substance; Count IV, Class C felony dealing in a lookalike substance; Count V, Class C felony conspiracy to commit dealing in a lookalike substance; Count VI, Class C felony dealing in a lookalike substance; Count VII, Class D felony conspiracy to commit dealing in a synthetic drug;[3] Count VIII, Class D felony dealing in a synthetic drug;[4] Count IX, Class D

---

1 Ind. Code § 35-48-4-4.6(a) (dealing in a lookalike substance); Ind. Code § 35-41-4-2 (conspiracy) (2012).

2 Ind. Code § 35-48-4-4.6(a)(1) (2012).

3 Ind. Code § 35-48-4-10(a) (dealing in a synthetic drug); Ind. Code § 35-41-5-2 (conspiracy) (2012).

4 Ind. Code § 35-48-4-10(a) (2012).

felony possession of a synthetic drug;[5] Count X, Class D felony conspiracy to commit dealing in a synthetic drug; Count XI, Class D felony dealing in a synthetic drug; Count XII, Class D felony possession of a synthetic drug; Count XIII, Class D felony conspiracy to commit dealing in a synthetic drug; Count XIV, Class D felony dealing in a synthetic drug; Count XV, Class D felony possession of a synthetic drug; Count XVI, Class C felony dealing in a lookalike substance; Count XVII, Class D felony dealing in a synthetic drug; and Count XVIII, Class D felony possession of a synthetic drug. The charges were based on undercover observations and purchases at three stores owned by Tiplick on September 20, 2012, October 9, 2012, and October 10, 2012. The charging information and accompanying probable cause affidavit alleged Tiplick sold, possessed, or entered into a conspiracy to sell "spice," (App. at 19-24), and some of the packages sold to undercover officers contained "XLR11(1-(flouropentyl)indol-3-yl)-2,2,3,3,-tetramethylcyclopropy)methanone." (*Id*. at 28.)

[4] On January 17, 2013, Tiplick filed a motion to dismiss the counts against him, arguing:

> 1) the statutes as charged, I.C. [§ 35-48-4-10(a)(1), I.C. § 35-48-4-10(b), I.C. § 35-48-4-11(1), and I.C. § 35-48-4-13(b)(2)] are unconstitutionally "vague" in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Sections Twelve and

---

[5] Ind. Code § 35-48-4-11 (2012).

Thirteen of the Constitution of the State of Indiana and 2) the statutes cited violate the Distribution of Powers Clause contained in Article Three, Section One of the Constitution of the State of Indiana.

[5] (*Id*. at 37.) The trial court denied Tiplick's Motion to Dismiss and his motion to reconsider, then granted his motion to certify the order on his motion to dismiss for interlocutory appeal. We accepted jurisdiction.

## Discussion and Decision

[6] Generally, we review the denial of a motion to dismiss for an abuse of discretion, *McCown v. State*, 890 N.E.2d 752, 756 (Ind. Ct. App. 2008), while taking the facts stated in the charging information as true. *Delagrange v. State*, 951 N.E.2d 593, 594 (Ind. Ct. App. 2011). However, when, as here, the denial rests on the trial court's interpretation of a statute, we review the decision *de novo*. *McCown*, 890 N.E.2d at 756.

[7] The trial court determined the statutes under which Tiplick was charged[6] were not void for vagueness:[7]

> The defendant claims the dealing statute, the possession statute, the nuisance statute and the look-a-like statute are void for vagueness. The defendant argues that the dealing statute, the possession statute and the nuisance statute include the term synthetic drug the definition

---

[6] In his motion to dismiss, Tiplick challenged all counts of his indictment. On appeal, he challenges only those alleging he conspired to deal in, dealt in, or possessed a synthetic drug. Those are counts VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVII, and XVIII of the indictment.

[7] The trial court also found and concluded the statutes did not violate the Separation of Powers Clause and the information was not defective. As we find dispositive the vagueness claim, we need not consider those other issues.

of which contains a jumbled mix of chemicals and their analogs. This chemical hodgepodge within the synthetic drug definition includes cannabinoid, receptor agonists, stimulants, opiate receptor agonists, as well as anything else the Pharmacy Board decides to include. Defendant asserts that a person of common intelligence cannot be expected to understand the entire synthetic drug and [sic] definition and continuously monitor the promulgations and findings of the Board which are not yet enacted. The Court disagrees and feels that is exactly and precisely the duty of the citizens which is to monitor statutes to determine what action they might take. Each year on July 1st hundreds of new statutes go into effect and it surely cannot be a defense that the defendant cannot be expected to read all of the statues and know what the laws are. In this case [Ind. Code §] 35-31.5-2-321clearly [sic] provides the definition of a synthetic drug including emergency rules promulgated by the [P]harmacy [B]oard. Furthermore the criminal statute makes it quite clear that synthetic drugs and their distribution are illegal. Before someone chooses to sell a substance that might be a synthetic drug the statutes and emergency rules are available and illegal synthetic drugs are currently listed. Before selling a substance a citizen may review the rule to determine what substances are banned. If it[']s listed they shouldn't sell it. On the other hand if they don't know what they are selling and choose to sell it any way [sic] they do so at their own risk. The Court finds that the Defendant's void for vagueness argument as to this case should be denied.

(App. at 14-5.)

Our Indiana Supreme Court stated in *Brown v. State*:

A challenge to the validity of a statute must overcome a presumption that the statute is constitutional. *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind. 2000). The party challenging the statute has the burden of proving otherwise. *Brady v. State*, 575 N.E.2d 981, 984 (Ind. 1991).

Due process principles advise that a penal statute is void for vagueness if it does not clearly define its prohibitions. *Klein v. State*, 698 N.E.2d 296, 299 (Ind. 1998) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 92

S.Ct. 2294, 33 L.Ed.2d 222 (1972)).  A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement.  *City of Chicago v. Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67, 79-80 (1999); *Healthscript, Inc. v. State*, 770 N.E.2d 810, 815-16 (Ind. 2002).  A related consideration is the requirement that a penal statute give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."  *Healthscript, Inc.*, 770 N.E.2d at 816 (quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954)).  In *State v. Downey*, 476 N.E.2d 121, 123 (Ind. 1985), this Court emphasized that "there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur.  It cannot be left to juries, judges, and prosecutors to draw such lines."  Accordingly, the statutory language must "convey sufficiently definite warning as to the proscribed conduct when measured by common understanding."  *Rhinehardt v. State*, 477 N.E.2d 89, 93 (Ind. 1985).

But a statute "is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally proscribed conduct."  *Klein*, 698 N.E.2d at 299; *accord Lombardo*, 738 N.E.2d at 656.  And the statute does not have to list specifically all items of prohibited conduct; rather, it must inform the individual of the conduct generally proscribed.  *Lombardo*, 738 N.E.2d at 656. The examination of a vagueness challenge is performed in light of the facts and circumstances of each individual case.  *Id.*

[10]     868 N.E.2d 464, 467 (Ind. 2007).  Tiplick was charged with multiple counts of Class D felony dealing in a synthetic drug, Class D felony conspiracy to deal in a synthetic drug, and Class D felony possession of a synthetic drug.  By the

standard articulated in *Brown*, the versions of Ind. Code §§ 35-48-4-10(a) and 11 effective at the time of Tiplick's alleged offenses were unconstitutionally vague[8] as they related to the term "synthetic drug"[9] as defined by Ind. Code § 35-31.5-2-321(9).[10]

[11] At the time Tiplick allegedly committed the offenses, Ind. Code § 35-31.5-2-321 listed over sixty specific chemical compounds, and it included eleven sections regarding compounds "structurally derived" from other chemicals. Ind. Code § 35-31.5-2-321(1) - (8) (2012). It provided a synthetic drug is "Any compound determined to be a synthetic drug by rule adopted under IC 25-26-13-4.1." Ind. Code § 35-31.5-2-321(9) (2012). Ind. Code § 25-26-13-4.1 (2012),[11] which outlines the duties of the Pharmacy Board, states:

[12]      (a) The board may adopt an emergency rule to declare that a substance is a synthetic drug.

---

[8] The relevant statutes have been amended since 2012. We address only those versions of the statutes effective at the time of Tiplick's alleged crimes, as issues regarding the current versions of the statutes are not properly before us.

[9] Prior to 2012, Ind. Code §§ 35-48-4-10 and 11 prohibited dealing in and possession of a "synthetic cannabinoid." "Cannabinoid" was changed to "drug" as part of Public Law 78-2012. The term "synthetic drug" is used in most statutes, including Ind. Code § 35-31.5-2-321(9). However, the term "synthetic substance" is used as part of Pharmacy Board Emergency Rule # 12-493(E).

[10] Tiplick argues the "synthetic drug statutory scheme" is void for vagueness. (Br. of Appellant at 9.) As Ind. Code § 35-31.5-2-321(9) and Ind. Code § 25-26-13-4.1 specifically deal with the definition of "synthetic drug," which is the crux of Tiplick's void for vagueness argument, we will examine only those statutes.

[11] Ind. Code § 25-26-13-41 (2012) was later amended to add other criteria the Pharmacy Board must consider when adopting an emergency rule declaring a substance is a synthetic drug.

(b) The board may adopt an emergency rule declaring a substance to be a synthetic drug if the board finds that the substance:

(1) has been scheduled or emergency scheduled by the United States Drug Enforcement Administration; or

(2) has been scheduled, emergency scheduled, or criminalized by another state.

(c) A rule adopted under this section becomes effective thirty (30) days after it is filed with the publisher under IC 4-22-2-37.1.

(d) A rule adopted under this section expires on June 30 of the year following the year in which it is filed with the publisher under IC 4-22-2-37.1.

(e) The board may readopt under this section an emergency rule that has expired.

Tiplick argues Ind. Code § 35-31.5-2-321(9) and by implication Ind. Code § 25-26-13-4.1 are void for vagueness because their "numerous cross-references, undefined terms, and required monitoring of Indiana statutes and promulgations of the Pharmacy Board cannot be understood by an ordinary person." (Br. of Appellant at 27.) We agree.

Tiplick's charging information indicated he allegedly sold and possessed a synthetic drug, identified in the probable cause affidavit as XLR11. That drug was not listed as a synthetic drug under Ind. Code §§ 35-31.5-2-321(1-8) on September 20, 2012, October 9, 2012, and October 10, 2012, the dates Tiplick's alleged crimes occurred, and nothing in the charging information indicates

which Pharmacy Board emergency rule declared XLR11 a synthetic drug pursuant to the provisions in Ind. Code § 35-31.5-2-321(9) and Ind. Code § 25-26-13-4.1 (2012). A Pharmacy Board Emergency Rule, LSA Document # 12-493(E) ("Emergency Rule"), declared XLR11 a "synthetic substance" effective September 15, 2012.[12] However, Ind. Code § 25-26-13-4.1 did not authorize the Pharmacy Board to declare something a "synthetic substance" in an Emergency Rule. Instead, the Emergency Rule permits the declaration of a substance as a "synthetic drug." While that distinction may seem trivial, we believe the technical nature of this particular statute requires precision in language. For example, the Pharmacy Board may declare a new chemical concoction used to treat a deadly disease a "synthetic substance" and such a declaration would not invoke the criminal consequences as would the Pharmacy Board's declaration of something as a "synthetic drug." *See Brown v. State*, 868 N.E.2d 464, 468 (Ind. 2007) (noting alternate, legal uses for terms and the unconstitutional vagueness stemming therefrom). This linguistic confusion only adds to the vagueness of this statutory structure.

[21]     To understand the charges against him, a person of ordinary intelligence would have to first find the definition of "synthetic drug" in Ind. Code § 35-31.5-2-321,

---

[12] The Emergency Rule was filed with the publisher on August 15, 2012. Therefore, pursuant to the language of Ind. Code § 25-26-13-4.1, the Emergency Rule did not go into effect until September 15, 2012.

determine the synthetic drug alleged to be illegal is not in the very long list[13] in the statute, and finally look to Ind. Code § 25-26-13-4.1 to determine whether the drug may have been declared a synthetic drug by a Pharmacy Board Emergency Rule, the location of which is not specified in Ind. Code § 25-26-13-4.1.

[22]     To require a citizen of ordinary intelligence to meticulously search through the criminal code, the administrative code, and not-yet-codified agency rules for information regarding a charge, only to be sent on a "Where's Waldo" expedition is ludicrous. *See Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1268 (10th Cir. Ct App. 2008) ("When a party's brief fails to provide citations in support of its factual assertions, we are left to scan volumes aimlessly for asserted facts. But reading a record should not be like a game of Where's Waldo?"). No person of ordinary intelligence could determine what behavior is prohibited by the term "synthetic drug" in Ind. Code §§ 35-48-4-10(a) and 11, based on Ind. Code §§ 35-31. 5-2-321(9) and 25-26-13-4.1, and thus the portions of Ind. Code §§ 35-48-4-10(a) and 11 in effect at the time of Tiplick's alleged

---

[13] The current statute appears to list in part (1) eighty-one specific compounds. Then, in parts (2) through (12), it lists unnamed compounds "structurally derived from" other compounds. *See, e.g.,* Ind. Code § 35-31.5-2-321(2):

> Any compound structurally derived from 3-(1-naphthoyl)indole or 1H-indol-3-yl-(1-naphthyl)methane by substitution at the nitrogen atom of the indole ring by alkyl, haloalkyl, cyanoalkyl, alkenyl, cycloalkylmethyl, cycloalkylethyl, 1-(N-methyl-2-piperidinyl)methyl, 2-(4-morpholinyl)ethyl, or 1-(N-methyl-2-pyrrolidinyl)methyl, 1-(N-methyl-3-morpholinyl)methyl, or tetrahydropyranylmethyl group, whether or not further substituted in the indole ring to any extent and whether or not substituted in the naphthyl ring to any extent.

offenses are void for vagueness to the extent they rely on definitions in Ind. Code §§ 35-31.5-2-321(9) and 25-26-13-4.1. *See Healthscript*, 770 N.E.2d at 816 (holding the requirement that a person search through multiple statutes, then through the administrative code, "lacks the 'sufficient definiteness' that due process requires for penal statutes.").

[23] We distinguish our holding here from those in two recent cases, *Kaur v. State*, 987 N.E.2d 164, 168 (Ind. Ct. App. 2013) and *Elvers v. State*, 34A02-1404-CR-239 (Ind. Ct. App., December 17, 2014), both which declined to hold Ind. Code §§ 35-31.5-2-321(1)-(8) void for vagueness. In *Kaur*, the State charged Kaur with dealing and possession of AM-2201, which is specifically referenced as a synthetic drug under Ind. Code § 35-31.5-2-321(1)(QQ) (2012). We affirmed Kaur's convictions, because Kaur's constitutional arguments centered around Ind. Code § 35-31.5-2-321(9), which was not the definition of "synthetic drug" relied upon in Kaur's convictions. Regarding Ind. Code § 35-31.5-2-321(9), we stated, "We leave for another day - and express no opinion on - the question of whether a person charged with possession of one of the Board-specified synthetic drugs would have a meritorious Article II, Section 1 argument." *Kaur*, 987 N.E.2d 164, 169 n.6. That day has come in the instant case, as Tiplick was charged with dealing and possession of a synthetic drug, XLR11, which was allegedly specified as a synthetic drug by a Pharmacy Board Emergency Rule.

[24] In *Elvers*, we clarified our decision in *Kaur*, holding the use of scientific terminology in Ind. Code § 35-31.5-2-321(1)-(8) does not render the statute

unconstitutionally vague because the "novelty, complexity, and rapidly-evolving nature of synthetic drugs necessitates some scientific terminology in the law." *Elvers*, *slip op*. at 3. Elvers also acknowledged his case did not involve those synthetic drugs defined as part of Pharmacy Board Emergency Rules, and only those synthetic drugs "specifically identified in the statute [Ind. Code § 35-31.5-2-321]." *Id*.

[25] As Ind. Code §§ 35-48-4-10(a) and 11 form the basis for Counts VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVII, and XVIII, and we hold those statutes are unconstitutionally vague based on the definition of "synthetic drug" set forth in Ind. Code § 35-31.5-2-321(9), the trial court erred when it denied Tiplick's motion to dismiss those charges.

[26] Reversed and remanded.


Kirsch, J., concurs. Bailey, J., dissents, with separate opinion.

| | |
|---|---|
| Christopher Tiplick,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 27, 2015<br><br>Court of Appeals Cause No.<br>49A04-1312-CR-617<br><br>Appeal from the Marion Superior<br>Court; The Honorable Steven<br>Eichholtz, Judge;<br>49G20-1210-FC-70439 |

**Bailey, Judge, dissenting.**

Upon review, the majority holds as void for vagueness the statutory scheme that criminalizes the dealing in and possession of synthetic drugs. The majority reasons that "[n]o person of ordinary, or even extraordinary, intelligence could determine what behavior is prohibited by the term 'synthetic drug' in Ind. Code §§ 35-48-4-10(a) and 11," and that "to be sent on a 'Where's Waldo' expedition is ludicrous." Slip Op. at 8 (citing *Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1268 (10th Cir. 2008) (relating to the obligations of parties to cite to the record in support of statements of fact); *Healthscript, Inc. v. State*, 770 N.E.2d 810, 816 (Ind. 2002) (holding as void for vagueness a statutory scheme criminalizing certain acts as Medicaid fraud)). Because I disagree with the majority's reasoning here, I respectfully dissent.

[28] Central to the majority's reasoning is the Indiana Supreme Court's ruling in the *Healthscript* case. In *Healthscript*, a pharmacy was charged with Medicaid fraud "on the theory that Defendant had overcharged Medicaid for sterile water." 770 N.E.2d at 813. Healthscript sought to dismiss the charging information, contending that the applicable criminal statute was void for vagueness because it was not "sufficiently definite to put [Healthscript] on notice that its alleged conduct was proscribed." *Id.* The charging statute defined as Medicaid fraud the "fil[ing] a Medicaid claim … in violation of Indiana Code § 12-15." *Id.* (quoting I.C. § 35-43-5-7.1(a)(1) (Supp. 1997)).

[29] In reversing the trial court's denial of Healthscript's motion to dismiss the charges, the *Healthscript* Court conceded that the criminal statute "cross-references Ind. Code § 12-15." *Id.* at 816. But the court observed that the cross-reference was extraordinarily broad. The reference in the criminal statute directed the reader to an entire article of the Indiana Code, "covering 50 pages of the 1993 Code and comprising 280 sections organized in 37 chapters." *Id.* Many of the chapters of the code pertained only to state agencies responsible for administering Medicaid; others pertained to Medicaid recipients. *Id.* Thus, the court reasoned, "[t]he effect of the statute is to say that a provider is prohibited from filing a Medicaid claim 'in violation of' nothing more specific than this vast expanse of the Indiana Code." *Id.* The *Healthscript* Court concluded that this was not "fair warning…in language that the common world will understand, of what the law intends to do if a certain line is passed." *Id.* (quotations omitted).

[30] I cannot agree with the majority that the statutory scheme at issue here is similarly vague. Each statutory cross-reference at issue here directs the reader to one, and only one, section of the Indiana Code. The rulemaking provision of Section 25-26-13-4.1, under which the Board of Pharmacy may make emergency rules concerning synthetic drugs, in turn refers directly to the statutory procedure under which emergency rules may be published. *See* I.C. § 4-22-2-37.1. Such emergency rules are published in the Indiana Register in a format determined by the publisher. I.C. §§ 4-22-2-37.1(d) – (f). The chemical substance for which Tiplick was charged here, XLR11, was expressly identified as a synthetic drug under Emergency Rule 12-493(E), published in the Indiana Register in August 2012.

[31] There are a finite number of locations in which an individual must have looked after August 2012 to determine whether XLR11 was a synthetic drug covered by an Indiana Pharmacy Board rule: four statutory provisions and a set number of Indiana Pharmacy Board rules. Unlike the facts in *Healthscript*, the substantive provisions at issue here do not implicate a broad variety of possible parties and sets of statutory and regulatory provisions, almost all of which are irrelevant to a defendant like Tiplick. I thus cannot agree with the majority's "Where's Waldo" characterization of the statutory scheme.

[32] It seems to me that Tiplick's void-for-vagueness challenge is more akin to an attempt to claim ignorance of the law as a defense to criminal liability. "[I]t is well-settled that ignorance of the law is no excuse for criminal behavior." *Dewald v. State*, 898 N.E.2d 488, 493 (Ind. Ct. App. 2008), *trans. denied*. While

"ignorance or mistake in point of fact" may in some circumstances excuse "acts honestly done while so misled," nevertheless "every man is presumed to know the laws of the country in which he dwells." *Marmont v. State*, 48 Ind. 21, 31 (1874).

[33] Not having looked to the laws that apply to one's actions does not excuse an individual from violating those laws. Tiplick was alleged to have engaged in the sale of a drug; he does not claim that the drug was not subject to an emergency regulation. The applicable laws and regulations are not so complex or overly broad as to preclude a person of ordinary intelligence from having fair notice of the criminal nature of the sale of XLR11 on the basis of vagueness.[14]

[34] I therefore respectfully dissent.

---

[14] Of particular note is that Tiplick was not charged as the result of a street-corner sting. The probable cause affidavit indicates that he was instead working at a retail establishment known as the "Smoke Shop" in 2012, at least one year after the Indiana General Assembly first passed legislation to respond to the sale of synthetic drugs at retail establishments. *See Kaur v. State*, 987 N.E.2d 164, 167 (Ind. Ct. App. 2013), *trans. denied*; App'x at 27.