

FILED
Jan 27 2015, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Mark W. Rutherford
Stephen R. Donham
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aadil Ashfaque, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 27, 2015 <br><br> Court of Appeals Cause No. <br> 49A02-1404-CR-286 <br><br> Appeal from the Marion Superior Court; The Honorable Jose Salinas, Judge; <br> 49G14-1305-FD-29521 |

**May, Judge.**

Aadil Ashfaque appeals the denial of his motion to dismiss Count I, Class D felony dealing in a synthetic drug[1] and Count II, Class D felony possession of a synthetic drug.[2] He presents multiple issues for our review, one of which we find dispositive: whether, at the time of Ashfaque's alleged offenses, Ind. Code § 35-48-4-10(a), which prohibited dealing in a synthetic drug, and Ind. Code § 35-48-4-11, which prohibited possession of a synthetic drug, were unconstitutionally vague when the synthetic drug alleged to have been dealt in or possessed was not listed in the relevant provisions of the Indiana Code and could be found only in the Pharmacy Board Regulations?

We reverse and remand.

## Facts and Procedural History

On May 8, 2013, the State charged Ashfaque with offenses including Class D felony dealing in a synthetic drug and Class D felony possession of a synthetic drug following a traffic stop during which XLR11 was discovered in Ashfaque's possession. On June 4, Ashfaque filed a motion to dismiss the dealing and possession counts. The trial court denied Ashfaque's motion. The trial court certified the issue for interlocutory appeal and we accepted jurisdiction.

---

[1] Ind. Code § 35-48-4-10(a)(2) (2012).

[2] Ind. Code § 35-48-4-11(1) (2012).

## Discussion and Decision

[4] Generally, we review the denial of a motion to dismiss for an abuse of discretion, *McCown v. State*, 890 N.E.2d 752, 756 (Ind. Ct. App. 2008), while taking the facts stated in the charging information as true. *Delagrange v. State*, 951 N.E.2d 593, 594 (Ind. Ct. App. 2011). However, when, as here, the denial rests on the trial court's interpretation of a statute, we review the decision *de novo*. *McCown*, 890 N.E.2d at 756. The trial court denied Ashfaque's motion to dismiss without findings of fact or conclusions of law.

[5] Our Indiana Supreme Court stated in *Brown v. State*:

> A challenge to the validity of a statute must overcome a presumption that the statute is constitutional. *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind. 2000). The party challenging the statute has the burden of proving otherwise. *Brady v. State*, 575 N.E.2d 981, 984 (Ind. 1991).

> Due process principles advise that a penal statute is void for vagueness if it does not clearly define its prohibitions. *Klein v. State*, 698 N.E.2d 296, 299 (Ind. 1998) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. *City of Chicago v. Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67, 79-80 (1999); *Healthscript, Inc. v. State*, 770 N.E.2d 810, 815-16 (Ind. 2002). A related consideration is the requirement that a penal statute give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Healthscript, Inc.*, 770 N.E.2d at 816 (quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954)). In *State v. Downey*, 476 N.E.2d 121, 123 (Ind. 1985), this

Court emphasized that "there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur. It cannot be left to juries, judges, and prosecutors to draw such lines." Accordingly, the statutory language must "convey sufficiently definite warning as to the proscribed conduct when measured by common understanding." *Rhinehardt v. State*, 477 N.E.2d 89, 93 (Ind. 1985).

But a statute "is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally proscribed conduct." *Klein*, 698 N.E.2d at 299; *accord Lombardo*, 738 N.E.2d at 656. And the statute does not have to list specifically all items of prohibited conduct; rather, it must inform the individual of the conduct generally proscribed. *Lombardo*, 738 N.E.2d at 656. The examination of a vagueness challenge is performed in light of the facts and circumstances of each individual case. *Id.*

[6] 868 N.E.2d 464, 467 (Ind. 2007). Ashfaque was charged with Class D felony dealing in a synthetic drug and Class D felony possession of a synthetic drug. By the standard articulated in *Brown*, the 2012 versions of Ind. Code §§ 35-48-4-10(a) and 11 effective at the time of Ashfaque's alleged offenses[3] were unconstitutionally vague to the extent they rely on the term "synthetic drug"[4] as defined by Ind. Code § 35-31.5-2-321(9).

---

[3] The relevant statutes were amended on May 7, 2013, two days after Ashfaque allegedly committed the offenses. We address only the statutes effective at the time of Ashfaque's alleged crimes.

[4] Prior to 2012, Ind. Code §§ 35-48-4-10 and 11 prohibited dealing in and the possession of a "synthetic cannabinoid." "Cannabinoid" was changed to "drug" as part of Public Law 78-2012. The term "synthetic drug" is used in most statutes, including Ind. Code § 35-315-2-321(9). However, the term "synthetic substance" is used as part of Pharmacy Board Emergency Rule #12-493(E).

[7] At the time Ashfaque allegedly committed the offenses, Ind. Code § 35-31.5-2-321 listed over sixty specific chemical compounds, and it included eleven sections regarding compounds "structurally derived" from other chemicals. Ind. Code § 35-31.5-2-321(1) - (8) (2012). It also stated a synthetic drug is "[a]ny compound determined to be a synthetic drug by rule adopted under IC 25-26-13-4.1." Ind. Code § 35-31.5-2-321(9) (2012). Ind. Code § 25-26-13-4.1 (2012),[5] which outlines the duties of the Pharmacy Board, states:

[8] (a) The board may adopt an emergency rule to declare that a substance is a synthetic drug.

[9] (b) The board may adopt an emergency rule declaring a substance to be a synthetic drug if the board finds that the substance:

[10] (1) has been scheduled or emergency scheduled by the United States Drug Enforcement Administration; or

[11] (2) has been scheduled, emergency scheduled, or criminalized by another state.

[12] (c) A rule adopted under this section becomes effective thirty (30) days after it is filed with the publisher under IC 4-22-2-37.1.

[13] (d) A rule adopted under this section expires on June 30 of the year following the year in which it is filed with the publisher under IC 4-22-2-37.1.

---

[5] Ind. Code § 25-26-13-4.1 (2012) was later amended to add other criteria the Pharmacy Board must consider when adopting an emergency rule declaring a substance is a synthetic drug.

(e) The board may readopt under this section an emergency rule that has expired.

Ashfaque argues Ind. Code § 35-31.5-2-321(9) and by implication Ind. Code § 25-26-13-4.1 are void for vagueness because "[a]n ordinary person cannot be required to follow and understand Indiana's synthetic drug statutory maze." (Br. of Appellant at 25.) We agree.

Ashfaque's charging information indicated he allegedly sold and possessed XLR11. That drug was not listed as a synthetic drug under Ind. Code §§ 35-31.5-2-321(1-8) on May 5, 2013, and nothing in the charging information indicates which Pharmacy Board emergency rule declared XLR11 a synthetic drug pursuant to the provisions in Ind. Code § 35-31.5-2-321(9) and Ind. Code § 25-26-13-4.1 (2012).[6] A Pharmacy Board Emergency Rule, LSA Document # 12-493(E) ("Emergency Rule"), declared XLR11 a "synthetic substance" effective September 15, 2012.[7] However, Ind. Code § 25-26-13-4.1 did not authorize the Pharmacy Board to declare something a "synthetic substance" in an Emergency Rule. Instead, the Emergency Rule permits the declaration of a substance as a "synthetic drug." While that distinction might seem trivial, we believe the technical nature of this particular statute requires precision in language. For example, the Pharmacy Board may declare a new chemical

---

[6] To further confuse matters, the State cited Ind. Code § 35-41-1-26.3 as the source for the definition of "synthetic drug." Ind. Code § 35-41-1-26.3 was repealed almost a year prior to Ashfaque's alleged offenses.

[7] The Emergency Rule was filed with the publisher on August 15, 2012. Therefore, pursuant to the language of Ind. Code § 25-26-13-4.1, the Emergency Rule did not go into effect until September 15, 2012.

concoction used to treat a deadly disease a "synthetic substance" and such a declaration would not invoke criminal consequences as does the Pharmacy Board's declaration of something as a "synthetic drug." *See Brown v. State*, 868 N.E.2d 464, 468 (Ind. 2007) (noting alternate, legal uses for terms and the unconstitutional vagueness stemming therefrom). This linguistic confusion only adds to the vagueness of this statutory structure.

[17] To understand the charges against him, a person of ordinary intelligence would have to first find the definition of "synthetic drug" in Ind. Code § 35-31.5-2-321, determine the synthetic drug alleged to be illegal is not in the very long list[8] in the statute, and finally look to Ind. Code § 25-26-13-4.1 to determine whether the drug may have been declared a synthetic drug by a Pharmacy Board Emergency Rule, the location of which is not specified in Ind. Code § 25-26-13-4.1.

[18] The burden to meticulously weave through the labyrinth of criminal statutes, administrative code provisions, and not-yet-codified agency rules is inconsistent

---

[8] The current statute appears to list in part (1) eighty-one specific compounds. Then, in parts (2) through (12), it lists unnamed compounds "structurally derived from" other compounds. *See, e.g.,* Ind. Code § 35-31.5-2-321(2):

> Any compound structurally derived from 3-(1-naphthoyl)indole or 1H-indol-3-yl-(1-naphthyl)methane by substitution at the nitrogen atom of the indole ring by alkyl, haloalkyl, cyanoalkyl, alkenyl, cycloalkylmethyl, cycloalkylethyl, 1-(N-methyl-2-piperidinyl)methyl, 2-(4-morpholinyl)ethyl, or 1-(N-methyl-2-pyrrolidinyl)methyl, 1-(N-methyl-3-morpholinyl)methyl, or tetrahydropyranylmethyl group, whether or not further substituted in the indole ring to any extent and whether or not substituted in the naphthyl ring to any extent.

with the "process" our Founding Fathers believed we were due before being charged with criminal offenses. No person of ordinary intelligence could determine what he is prohibited to possess or deal by the term "synthetic drug" in Ind. Code §§ 35-48-4-10(a) and 11, based on Ind. Code §§ 35-31.5-2-321(9) and 25-26-13-4.1. Therefore the portions of Ind. Code §§ 35-48-4-10(a) and 11 in effect at the time of Ashfaque's alleged offenses are void for vagueness to the extent they rely on definitions, including unnamed substances "structurally derived" from other substances, found in Ind. Code §§ 35-31.5-2-321(9) and 25-26-13-4.1. *See Healthscript*, 770 N.E.2d at 816 (holding the requirement that a person search through multiple statutes, then through the administrative code, "lacks the 'sufficient definiteness' that due process requires for penal statutes.").

[19] We distinguish our holding here from those in two recent decisions, *Kaur v. State*, 987 N.E.2d 164, 168 (Ind. Ct. App. 2013) and *Elvers v. State*, 34A02-1404-CR-239 (Ind. Ct. App., December 17, 2014), both which declined to hold Ind. Code §§ 35-31.5-2-321(1)-(8) void for vagueness. In *Kaur*, the State charged Kaur with dealing and possession of AM-2201, which is specifically referenced as a synthetic drug under Ind. Code § 35-31.5-2-321(1)(QQ) (2012). Our court affirmed Kaur's convictions, because Kaur's constitutional arguments centered around Ind. Code § 35-31.5-2-321(9), which was not the definition of "synthetic drug" relied upon in Kaur's convictions. Regarding Ind. Code § 35-31.5-2-321(9), we stated, "We leave for another day - and express no opinion on - the question of whether a person charged with possession of one of the Board-specified synthetic drugs would have a meritorious Article II, Section 1

argument." *Kaur*, 987 N.E.2d 164, 169 n.6. That day has come in the instant case, as Ashfaque was charged with dealing and possession of a synthetic drug, XLR11, which was specified as a "synthetic substance," not a "synthetic drug" by a Pharmacy Board Emergency Rule.

[20] Additionally, in *Elvers*, we clarified our decision in *Kaur*, holding the use of scientific terminology in Ind. Code § 35-31.5-2-321(1)-(8) does not render the statute unconstitutionally vague because the "novelty, complexity, and rapidly-evolving nature of synthetic drugs necessitates some scientific terminology in the law." *Elvers*, slip op. at 3. Elvers also acknowledged his case did not involve those synthetic drugs defined as part of Pharmacy Board Emergency Rules, but only those synthetic drugs "specifically identified in the statute [Ind. Code § 35-31.5-2-321]." *Id.*

[21] As Ind. Code §§ 35-48-4-10(a) and 11 form the basis for Counts I and II of Ashfaque's charging information, and we hold those statutes are unconstitutionally vague based on the definition of "synthetic drug" set forth in Ind. Code § 35-31.5-2-321(9), the trial court erred when it denied Ashfaque's motion to dismiss those charges.

[22] Reversed and remanded.

Friedlander, J., concurs. Vaidik, C.J., dissents, with separate opinion.

Aadil Ashfaque,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 27, 2015

Court of Appeals Cause No.
49A02-1404-CR-286

Appeal from the Marion Superior
Court; The Honorable Jose Salinas,
Judge;
49G14-1305-FD-29521

**Vaidik, Chief Judge, dissenting.**

I respectfully dissent from the majority's holding that the statutory scheme in effect at the time of Ashfaque's alleged crimes for dealing in and possession of synthetic drugs is void for vagueness because "[a]n ordinary person cannot be required to follow and understand Indiana's synthetic drug statutory maze." Slip op. at 5 (quotation omitted). I do so for the same reasons identified today in Judge Bailey's dissent in *Tiplick v. State*, No. 49A04-1312-CR-617 (Ind. Ct. App. Jan. 27, 2015).

When Ashfaque allegedly committed the crimes on May 5, 2013, XLR-11 was not yet listed as a synthetic drug in Indiana Code section 35-31.5-2-321.[9] Chemical compounds can easily be altered slightly such that they no longer constitute the chemical structure specifically enumerated in the statute but

---

[9] This section, however, was amended effective May 7, 2013, to include XLR-11. *See* P.L. 196-2013, Sec. 16.

remain equally as potent and dangerous. *See, e.g.*, Candy Neal, *Indiana Bills Would Close Loophole in Synthetic Drug Law*, Indiana Economic Digest (Feb. 9, 2012), http://indianaeconomicdigest.com/main.asp?SectionID=31&subsectionID=135&articleID=63901. As a result, according to Indiana Code section 25-26-13-4.1, the Board of Pharmacy may adopt an emergency rule to declare that a substance is a synthetic drug. This section, in turn, refers to the statutory procedure under which emergency rules may be published. *See* Ind. Code § 4-22-2-37.1. Such rules are published in the Indiana Register in a format determined by the publisher. I.C. § 4-22-2-37.1(d)-(f). Judge Bailey found that this statutory scheme was not vague because each statutory cross-reference "directs the reader to one, and only one, section of the Indiana Code." *Tiplick*, Cause No. 49A04-1312-CR-617, at 15 (Bailey, J., dissenting). Moreover, as Judge Bailey found in *Tiplick*, "XLR11[] was expressly identified as a synthetic drug under Emergency Rule 12-493(E), published in the Indiana Register," as early as August 2012, which is before Ashfaque allegedly committed the crimes in this case. *Id.*; *see also* Appellant's App. p. 63 (Emergency Rule 12-493(E) listing XLR-11).[10]

---

[10] I do not share the majority's concern that Emergency Rule 12-493(E)'s use of the term "synthetic substance" instead of "synthetic drug" causes "linguistic confusion" that "adds to the vagueness of this statutory structure." Slip op. at 6. The emergency rule adds thirteen "synthetics," including XLR-11, according to "IC 25-26-13-4.1." Appellant's App. p. 63. Section 25-26-13-4.1, in turn, allows the Board of Pharmacy to adopt an emergency rule to declare that a substance is a "synthetic *drug*." (emphasis added).

As Judge Bailey concludes, "[t]here are a finite number of locations in which an individual must have looked after August 2012 to determine whether XLR11 was a synthetic drug covered by an Indiana Pharmacy Board rule . . . ." *Tiplick*, No. 49A04-1312-CR-617, at 15 (Bailey, J., dissenting). For this reason, this case is unlike *Healthscript*, upon which the majority relies, because in that case the reader was directed to an entire article of the Indiana Code comprising 280 sections organized in 37 chapters.

Finally, I agree with Judge Bailey that such an argument is actually an attempt to claim ignorance of the law as a defense to criminal liability. *Id.* "Not having looked to the laws that apply to one's actions does not excuse an individual from violating those laws." *Id.* at 16. I, too, believe that the applicable laws and regulations are not so complex or overly broad as to preclude a person of ordinary intelligence from having fair notice of the criminal nature of XLR-11 on vagueness grounds. *Id.*; *see also Elvers v. State*, No. 34A02-1404-CR-239, --- N.E.3d --- (Ind. Ct. App. Dec. 17, 2014) ("The novelty, complexity, and rapidly-evolving nature of synthetic drugs necessitates some scientific terminology in the law.").

Because I do not believe that the statutory scheme that was in effect at the time of Ashfaque's alleged crimes for dealing in and possession of synthetic drugs is

void for vagueness, I respectfully dissent and would affirm the trial court's denial of Ashfaque's motion to dismiss the dealing and possession counts.[11]

---

[11] To the extent Ashfaque raises an issue regarding the statutory cites in his charging information for the first time on appeal, this issue was not certified and therefore cannot be addressed in this interlocutory appeal. Moreover, the State still has the opportunity to amend the charging information.